In re CUSTOM CONCEPTS,
INC., Debtor.

James R. WALSH, Trustee of the
Bankruptcy Estate of Custom
Concepts, Inc., Movant,

v.

UNITED ELECTRICAL, RADIO AND
MACHINE WORKERS OF AMERICA,
LOCAL 650, Respondent.

Motion No. 92–3281M.
Bankruptcy No. 91–4235–BM.

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 3, 1993.

See also 135 B.R. 18, 139 B.R. 347.

**630**

James R. Walsh, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, PA, Chapter 7 Trustee.

Edward A. Olds, Pittsburgh, PA, for respondent/United Elec., Radio and Mach. Workers of America, Local 650.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the court is the chapter 7 trustee's objection to that portion of a proof of claim for vacation pay for calendar year 1992 filed by United Electrical, Radio and Machine Workers of America, Local 650 ("UE"), on behalf of its members. These individuals had been employed by debtor pursuant to a collective bargaining agreement.

According to the trustee, the employees are not entitled to vacation pay for 1992 because they did not work for debtor at any time during 1992, as was required by the collective bargaining agreement. Also, the trustee asserts that it had been accepted past practice under the collective bargaining agreement that terminated employees did not receive vacation pay unless they worked for debtor during the year for which it was sought.

UE maintains that its members are entitled to vacation pay for 1992 even though they last worked for debtor in 1991. According to UE, the collective bargaining agreement provided that vacation pay for use in 1992 was earned during 1991. It asserts that the collective bargaining agreement did not require that they also have worked for debtor at any time during 1992.

The trustee's objection will be sustained.

### I

### FACTS

UE became the exclusive bargaining agent for approximately forty (40) employees of debtor in 1986.

Debtor and UE executed a collective bargaining agreement which was effective from October 15, 1989 through October 14, 1992. Article XX of the agreement, which pertained to eligibility for vacation pay, provided in pertinent part as follows:

### ARTICLE XX—VACATIONS

1. Employees shall become eligible for vacations with pay in accordance with the following schedule of years of continuous service.

| YEARS OF CONTINUOUS SERVICE | VACATION |
|---|---|
| After 1 year's service | 5 days |
| After 2 years—up to 7 years | 10 days |
| After 7 years—up to 20 years | 15 days |
| After 20 years | 20 days |

2. Employees shall become eligible for their first five (5) days (week) of vacation with pay on the anniversary date of their employment; provided, however, they must have worked in at least fifty percent (50%) of the pay periods in their respective first (1st) anniversary year to be eligible for vacation with pay. Thereafter employees shall become eligible for vacation on January 1, except they become eligible for the respective additional days of vacation on their anniversary dates in the relevant years of continuous service for which additional days accrue; provided, however, regardless of years of continuous service, they must have worked in at least fifty percent (50%) of the pay periods in the preceding calendar year to be eligible for

vacation with pay in any succeeding calendar year.[1]

On November 13, 1991, an involuntary petition was filed against debtor. An order subsequently was entered which declared that the case was to be treated as though it had been filed on August 15, 1991, when an involuntary petition had been filed against an entity related to debtor.

The above collective bargaining agreement was in effect at the time the case was commenced.

Debtor had ceased operations by August 15, 1991. No employee covered by the collective bargaining agreement worked for debtor at any time during 1992.

The case was converted to a chapter 7 proceeding on April 1, 1992. An order was entered on April 7, 1992 approving the appointment of James R. Walsh as chapter 7 trustee.

The bankruptcy proceeding pertaining to Custom Concepts has been consolidated with proceedings pertaining to Armstrong Store Fixtures Corporation ("Armstrong") and Bentley Industries, Inc. ("Bentley"). The employees of Bentley were represented by a local bargaining unit of the International Brotherhood of Electrical Workers ("IBEW"). The court has been advised that the provision contained in this collective bargaining agreement is similar to provisions in the contract negotiated by UE on behalf of the employees of Custom Concepts and Armstrong.

The National Labor Relations Board ("NLRB"), UE, IBEW, and the individual employees of Armstrong, Bentley and Custom Concepts filed essentially duplicate proofs of claim for: severance pay; vacation pay for 1991 and 1992; unpaid health care coverage; and personal days for 1991 and 1992. In essence, we have a triple filing of the same claim as the individual, their union representative, and the NLRB have filed a proof of claim relating to the same claim.

On November 6, 1992, the trustee, *inter alia*, objected to the proof of claim filed by UE which is before the court at this time.

The trustee and NLRB eventually entered into a proposed settlement of all of the above claims. Neither the IBEW nor the individual members objected to the proposed settlement. UE, however, did object. As a consequence an order was entered on December 24, 1992 approving the proposed settlement to the extent that it pertained to claims filed by IBEW in the Bentley case. The proposed settlement was *rejected* to the extent that it pertained to the claims filed by UE on behalf of the employees of Custom Concepts and Armstrong. The trustee was directed at that time to file any pleadings required for determination of the remainder of the proofs of claim filed by UE and the individual employees of Custom Concepts and Armstrong.

An evidentiary hearing was held on December 30, 1992 on the trustee's objection of November 6, 1992 to that portion of UE's proof of claim which pertains to vacation pay for 1992.[2]

### 2.

### ANALYSIS

The law pertaining to a proof of claim to which there is an objection is relatively simple.

The burden of proof for claims brought pursuant to 11 U.S.C. section 502(a) rests on different parties at different times. *See In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3d Cir.1992).

■ The initial burden is upon the claimant, who must allege in the proof of claim

---

1. Debtor and UE also had executed a prior collective bargaining agreement which was in effect from October 15, 1986 through October 14, 1989. The prior agreement contained a provision concerning vacation with pay whose language was identical to the above provision.

2. After pleadings are filed by the trustee with respect to the claims filed by UE and the individual employees of Armstrong and Custom, a hearing will be held on any matters placed in controversy. The *only* matter before the court on December 30, 1992 pertained to the trustee's previous objection to UE's claim for vacation pay for 1992. Resolution of this latter issue should *not* be construed as affecting any objections filed by the trustee pursuant to the order of December 24, 1992. Any objection by the trustee to other portions of these proofs of claim will be dealt with at a later time.

facts that are sufficient to support the claim. If the proof of claim alleges facts sufficient to support legal liability to the claimant, it is *prima facie* valid and satisfies the claimant's initial burden of going forward. *Id.*

■ The objector then must produce evidence which is at least equal in force to the *prima facie* case and which, if believed, would refute at least one of the allegations that are necessary to the claim's legal sufficiency. *In re Allegheny International, Inc.*, 954 F.2d at 173–74.

■ If the objector meets this burden, the burden then reverts to the claimant to establish the claim's validity by a preponderance of the evidence. *In re Allegheny International, Inc.*, 954 F.2d at 174. The burden of persuasion rests at all time with the claimant. *Id.*

A claim is a right to payment. *See* 11 U.S.C. § 101(5)(A). The issue before the court is whether members of Local 650 who had been employed by debtor had a right under the collective bargaining agreement to payment in lieu of vacation at the time the bankruptcy petition was filed. At the heart of the matter is *when* the right to vacation with pay for 1992 was earned.

According to the trustee, the right to vacation with pay for 1992 was earned during 1992, provided that certain other conditions not in dispute here have been met. The trustee maintains that the right to vacation with pay for 1992 did not accrue *unless* one worked at least one day in calendar year 1992.

According to UE, the right to vacation with pay for 1992 was earned during 1991. One's status as an employee during 1992 is irrelevant in determining whether the right to vacation with pay for 1992 accrued.

Resolution of this issue must be based on Article XX, Paragraph 2, of the collective bargaining agreement, which was quoted previously.

■ An agreement is *un*ambiguous when it is reasonably susceptible to only one interpretation. *See Washington Hospital v. White*, 889 F.2d 1294, 1301 (3d Cir.1989). Ambiguity in this regard is:

intellectual uncertainty. The condition of admitting of two or more meanings, of being understood in more than one way, or referring to two or more things at the same time.

*Mellon Bank, N.A. v. Aetna Business Credit*, 619 F.2d 1001, 1011 (3d Cir.1980).

The court has struggled mightily with the paragraphs in question, including the first paragraph as it blends with the second and the interaction between the first two sentences of the second paragraph. The court must concede that it is intellectually uncertain as to whether Article XX contains an implicit requirement that employees having more than one year of continuous service must have worked for debtor at least one day in 1992 in order to be eligible for vacation with pay in 1992.

After reviewing claimants' argument and reading the second sentence in Paragraph 2 in isolation, a reasoned decision could be reached that an employee need not have worked even one day in 1992 in order to be eligible for vacation days in 1992. No such wording exists in this sentence and, accordingly, it can be argued with intellectual honesty that no such requirement exists.

However, when the trustee blends Paragraph 1 and discusses the contract terms requiring "after" years of continuous service as it interacts with Paragraph 2 and sentences 1 and 2, the court is persuaded that the contract requires actual work in 1992 in order to be eligible for vacation with pay in 1992. We note from that argument that eligibility for vacation with pay in the first sentence requires by implication that an employee be working for debtor on the first anniversary of their employment. If an employee is no longer working for debtor when the anniversary date occurs, that employee is not entitled to vacation with pay.

Unless the phrase "eligible for vacation" means something different in the second sentence, it must be concluded that the same implicit requirement is also present in the second sentence of that paragraph. The clause, "thereafter employees shall be eligible for vacation on January 1" contains

as an implicit requirement that an employee work for debtor on or after January 1 of the year subsequent to that first year's employment in order to be eligible for vacation for that day. If an employee does not work for debtor at anytime during 1992, for instance, they likewise are not entitled to vacation with pay for 1992. UE has not shown that the phrase "eligible for vacation" should be read differently in the second sentence of Paragraph 2 and, accordingly, a convincing argument is made that there is no eligibility for vacation with pay in 1992.

Repeating the process offers no resolution. To the contrary, repeating the process convinces this writer that the party arguing at that point has a plausible position. Therefore, we must conclude in light of the court's intellectual uncertainty that the language of the paragraphs and the language of the particular sentences in Paragraph 2 as they relate to Paragraph 1 is ambiguous.

When a contract provision is ambiguous, the court must determine what the parties intended by considering all relevant extrinsic evidence. *See Washington Hospital*, 889 F.2d at 1302. The parties prior course of conduct may be relevant in this regard. *See Langer v. Monarch Life Insurance Co.*, 879 F.2d 75, 81 (3d Cir. 1989).

Prior conduct of the parties to the collective bargaining agreement at issue here compels the inference that they intended that an employee was entitled to vacation with pay for a given year only if they were actively employed by debtor for at least one day during that year.

Several employees were terminated from their employment prior to 1991 after they had worked for debtor for the required number of weeks to qualify for vacation with pay during the following year. None of them, however, received vacation pay for the following year even though they had met all other requirements for vacation with pay.

Had it been the intention of UE and debtor that these employees would receive vacation pay for the following year even though they had not been employed by debtor during that subsequent year, it is reasonable to expect that UE would have contested debtor's failure to pay them. UE, however, took no action with regard to this matter. The explanation that they lacked knowledge of the termination of a member rings hollow. They certainly knew that their union dues and fringe check-off ended with the termination of their union brother or sister.

The most reasonable inference is that UE and debtor intended that any employee covered by the collective bargaining agreement was entitled to vacation with pay only if they were employed by debtor during the year in which vacation with pay was sought.

The trustee's objection will be sustained because none of the employees belonging to UE worked for debtor at any time during 1992. The right to vacation with pay had *not* accrued when the bankruptcy petition was filed.

An appropriate order shall be issued.